IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**MARK BENTLEY and**
**XAVIER RASBERRY,**

    PLAINTIFFS,

VS.                                                            CV NO.:

**TOWNSEND TREE SERVICE**
**COMPANY LLC,**

    DEFENDANT.                                    JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Mark Bentley, (hereinafter "Plaintiff" or "Bentley") is a resident of Piedmont, Calhoun County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C.

§ 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Eastern Division.

3. Plaintiff, Xavier Rasberry (hereinafter "Plaintiff" or "Rasberry") is a resident of Rainsville, Dekalb County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Eastern Division.

4. Defendant Townsend Tree Service Company LLC, ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

### III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendant hired Bentley on or about May 2018.

7. Defendant employed Bentley as a crew member.

8. Defendant assigned Bentley to its Heflin, Alabama location.

9.  Bentley resigned his employment with Defendant in late September or early October 2018.

10. Defendant hired Rasberry on or about February 2018.

11. Defendant initially employed Rasberry as a climbing foreman.

12. Defendant later promoted Rasberry to the position of coordinator.

13. Defendant assigned Rasberry to its Gadsden, Alabama location.

14. Rasberry resigned his employment with Defendant in late December 2018 or early January 2019.

15. Defendant employed Plaintiffs on crews that engaged in as tree cutting and tree trimming services.

16. As part of the Plaintiffs' tree trimming duties, Plaintiffs used a Jarraff or a Kershaw machine.

17. Defendant's primary customers for its tree cutting and trimming services are Southern Company, Alabama Power, and, Georgia Power.

18. During the course of Bentley's employment, Defendant directed Bentley's crew to travel to Georgia to engage in tree cutting services.

19. During the course of Rasberry's employment, Defendant directed Rasberry's crew to travel to Georgia and Florida to engage in tree cutting services.

20. At all times during the employment relationship, Defendant classified Plaintiffs as hourly paid, non-exempt employees.

21. Defendant last paid Bentley an hourly wage of $20.00 per hour.

22. Defendant last paid Rasberry an hourly wage of $21.00 per hour.

23. During the three years preceding the filing of this complaint, Plaintiffs typically worked over forty hours in a work week.

24. Defendant scheduled Plaintiffs to work Monday through Thursday.

25. Defendant's scheduled shift for its Monday through Thursday schedule commenced at 6:30 a.m. and ended at 5:00 p.m.

26. Defendant's scheduled ten and a half-hour shift for its Monday through Thursday workdays included a thirty-minute meal period.

27. Defendant scheduled Plaintiffs to work on Fridays.

28. On Fridays, Defendant assigned Plaintiffs the task of performing maintenance on the Jarraff/Kershaw machines, changing oil filters, changing out hoses, as well as changing the blades on the chipper.

29. On Fridays, Plaintiffs also went out to existing worksites and cleared brush by hand in order to catch up on assignments that had fallen behind the scheduled finish date.

30. Defendant identified Plaintiffs' payment for the Friday labor on its paystubs with the line item "Other Earnings and Reimbursements."

31. Defendant paid Plaintiffs for the Friday labor at their regular rate of pay.

32. Defendant failed to pay Plaintiffs any overtime premium for the hours worked in excess of forty during the work week for the labor performed on Fridays.

33. Defendant employed Edmund Garrett as its Regional Supervisor.

34. Shortly after his hire, Bentley telephoned Garrett and informed him of Defendant's practice of not paying overtime compensation for the Friday labor and questioned the paystub reflecting the line item "Other Earnings and Reimbursements" to pay for the Friday labor.

35. Garrett informed Bentley that he would fix it, but no changes were made to the paychecks.

36. Defendant employed John Walls as a General Foreman.

37. Walls informed Rasberry to report time worked on Fridays as "training."

38. Defendant employed Ben McTeer as a supervisor over Plaintiffs.

39. McTeer informed Rasberry to report time worked on Fridays as "training" or "contract labor."

## IV. COUNT ONE – FLSA – Overtime Violations

40. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-39 above.

41. During the three years preceding the filing of this Complaint, Defendant was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

42. During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

43. Defendant's gross annual volume of revenue exceeds $500,000.

44. At all times relevant to this action, Defendant was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

45. During the three years preceding the filing of this Complaint, Plaintiffs, and all others similarly situated crew members were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

46. Plaintiffs, and all similarly situated crew members employed by Defendant, were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiffs' interstate commercial activity included, but was not limited to, cutting and trimming trees inside and outside the State of Alabama and required the use of state and federal roads in order to arrive at the customer's destination.

47. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiffs' hours worked in excess of forty hours for a work week on at least one or more occasion.

48. Defendant failed to pay Plaintiffs overtime premium for all hours worked in excess of forty in a work week.

49. Defendant's management employees, including but not limited to Edmund Garrett, John Walls, and Ben McTeer, had knowledge of the pay practices denying Plaintiffs of overtime premium.

50. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. COUNT TWO – FLSA – COLLECTIVE ACTION

51. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-50 above.

52. Plaintiffs bring this suit as an opt-in collective action pursuant to the FLSA 16(b).

53. Plaintiffs' Opt-In Consent Forms are attached as Exhibits A and B.

54. For the three years preceding the filing of this complaint, Defendant employed approximately 200 people subjected to similar policy and practice violations of the FLSA as that of the Plaintiff.

55. The potential class is comprised of any and all persons employed by Defendant at any time during the three (3) years preceding the filing of this Complaint that were hourly paid, classified as non-exempt, and were subjected to Defendant's policy of paying for Friday labor in a manner designed to evade paying overtime premium.

56. Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

57. Upon information and belief, the claims of the representative Plaintiffs, are typical of claims of the class. Defendant subjected Plaintiffs and other members of the class to the same unlawful employment practices concerning inaccurate recording of hours worked, failure to pay overtime premium, and other violations of the Fair Labor Standards Act.

58. Upon information and belief, Plaintiffs will fairly and adequately protect the interests of the class in that both share common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

59. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual

members, as the same practice of employing class members without paying them in accord with the FLSA was used by Defendants on all class members.

60. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to potential plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiffs the amount of each of his unpaid overtime premium, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFFS REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Townsend Tree Service Company LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104